UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOUGLAS E. SHIELDS,<br><br>Plaintiff,<br><br>v.<br><br>RENEE BAKER, et al.,<br><br>Defendants. | Case No. 3:18-cv-00031-MMD-WGC<br><br>ORDER |

This is an action on a civil rights complaint pursuant to 42 U.S.C. § 1983, removed from state court. The Court entered a screening order on January 29, 2019. (ECF No. 7). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 7, 9). The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 16).

Plaintiff also filed a motion for appointment of counsel (ECF No. 8). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel without

1 prejudice.

**IT IS THEREFORE ORDERED** that:

1. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 1-2) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

2. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m)

3. Subject to the findings of the screening order (ECF No. 7), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, *under seal*, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

4. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

5. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

6. Henceforth, Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other

1  document submitted for consideration by the Court.  Plaintiff shall include with the original
2  document submitted for filing a certificate stating the date that a true and correct copy of
3  the document was mailed or electronically filed to the defendants or counsel for the
4  defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service
5  to the individual attorney named in the notice of appearance, at the physical or electronic
6  address stated therein.  The Court may disregard any document received by a district
7  judge or magistrate judge which has not been filed with the Clerk of the Court, and any
8  document received by a district judge, magistrate judge, or the Clerk of the Court which
9  fails to include a certificate showing proper service.

      7.     This case is no longer stayed.

      8.     The motion for appointment of counsel (ECF No. 8) is denied without prejudice.

DATED: May 8, 2019.

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE