AARON D. FORD
  Attorney General
PETER E. DUNKLEY, Bar No. 11110
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1259
E-mail:  pdunkley@ag.nv.gov

*Attorneys for Defendants*
*Renee Baker, Tamara Bartel, Dwayne Baze,*
*Kelly Belanger, Quentin Byrne, Tara Carpenter,*
*Melina Castro, James Dzurenda, Timothy Filson,*
*Sheryl Foster, Starlin Gentry, Todd Gilliland,*
*James Keener, E.K. McDaniel, Ramon Olivas,*
*Valaree Olivas and William Sandie*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DOUGLAS SHIELDS,<br><br>           Plaintiff,<br><br>vs.<br><br>RENEE BAKER, et al.,<br><br>           Defendants. | Case No.  3:18-cv-00031-MMD-WGC<br><br>**UNOPPOSED MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE**<br>**(Third Request)[1]** |

Defendants Renee Baker, Tamara Bartel, Dwayne Baze, Kelly Belanger, Quentin Byrne, Tara Carpenter, Melina Castro, James Dzurenda, Timothy Filson, Sheryl Foster, Starlin Gentry, Todd Gilliland, James Keener, E.K. McDaniel, Ramon Olivas, Valaree Olivas and William Sandie, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Peter E. Dunkley, Deputy Attorney General, hereby moves for a 60 day extension of the dispositive motion deadline.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Defendants construe the request for discovery extension as the first request. (ECF No. 50.)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   BACKGROUND**

This is an inmate civil rights action filed pursuant to 42 U.S.C. § 1983. *See* ECF No. 1-2 (Complaint).  Douglas Shields is an inmate currently housed at Lovelock Correctional Center (LCC). Mr. Shields alleges a varied of claims against a variety of Defendants at various correctional institutions.  *See* ECF No. 1-2 (allegations in various institutions).

**II.   RELEVANT PROCEDURAL HISTORY**

On October 7, 2019, the Court issued a scheduling order in which discovery would close on January 6, 2020 (ECF No 55).

Dispositive motions are due February 6, 2020. *Id*.

On December 30, 2019, Shields filed a motion to extend discovery by 60 days. (ECF No. 58.)

On January 27, 2020, Shields filed a notice that he is serving additional discovery. (ECF No. 59.)

On February 6, 2020, the Court granted Plaintiff's motion to extend discovery (ECF No. 58) and Defendants' motion for extension of Dispositive Motion Deadline (ECF No. 60), setting the close of discovery for April 6, 2020, and the dispositive motion deadline of May 6, 2020. (See ECF No. 61.)

The Defendants received and responded to discovery requests.[2]

Shields wrote to the Office of the Attorney General (OAG) regarding the sufficiency of discovery responses.  The OAG arranged for a telephonic meet and confer regarding the dispute. The telephone conference took place on April 28, 2020.

On May 5, 2020, the OAG arranged for a follow-up telephone call and confirmed that the information sought in the disputed discovery would not be provided by the OAG at this time.  The undersigned and Shields discussed the imminent dispositive motion deadline and agreed an extension would be prudent in light of the outstanding discovery issue.

Recognizing that the dispositive motion deadline is May 6, 2020, and that Shields may elect to file a discovery related motion, Shields and Defendants now bring this motion requesting a 60 day

---

[2] To the extent Defendants responded, Defendants are not waiving objections to the timing or the substance of the requests.

2

extension to the date in which the parties must file dispositive motions. Shields stated he would not oppose a motion for such an extension.

This unopposed motion follows.

## III. LEGAL STANDARDS

Local Rule 26-4 provides as follows:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
>
> (d) A proposed schedule for completing all remaining discovery.

Additionally, courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations,

3

1  family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court
2  deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made."
3  *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's
4  diligence in seeking the continuance or extension. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*,
5  975 F.2d 604, 609 (9th Cir. 1992).

6  **IV.    ARGUMENT[3]**

7  Defendants submit that there is good cause to extend the dispositive motion deadline to allow
8  the parties 60 days to permit time for Plaintiff to seek judicial assistance to resolve the disputed
9  discovery. Accordingly, it is also necessary to amend the scheduling order to add 60 days to the
10 existing deadlines. Defendants provide the following information pursuant to Local Rule IA 6-1 which
11 requires the reasons for the extension requested and the prior extensions.

12 Reasons for the requested extension: Plaintiff is not satisfied with Defendants discovery
13 responses. After two telephonic meetings where the Plaintiff and the OAG discussed the discovery,
14 Plaintiff would need time to move to compel Defendants regarding the sufficiency of the discovery
15 response related to Brian Williams. With the dispositive motion deadline of May 6, 2020, there is
16 insufficient time to fully resolve the dispute prior to filing dispositive motions.

17 This is the third request to extend the dispositive motion deadline. As noted above, the first
18 request was the *de facto* effect of Plaintiff's motion to extend discovery (ECF No. 58) on the scheduling
19 order. The second request was Defendants' request (ECF No. 60).

20 **Proposed Scheduling Order Amendment—(60 days)**
21 Current Dispositive Motion Deadline:                                    May 6, 2020
22 Proposed Dispositive Motion Deadline                                    July 6, 2020
23 Joint Pre-trial order 30 days after decision on motions for summary judgment.
24 This request for extension of time is made in good faith and not for the purpose of undue delay.
25 / / /
26 / / /
27 _____
28     [3] Plaintiff does not oppose the requested extension, but does not necessarily agree with the Defendants position regarding discovery.

4

## V.   CONCLUSION

For the above stated reasons, Defendants request 60 days time to file dispositive motions. The request is unopposed.

DATED this 5th day of May, 2020.

>                          AARON D. FORD
>                          Attorney General
>
>                          By:   /s/ Peter E. Dunkley
>                                PETER E. DUNKLEY, Bar No. 11110
>                                Deputy Attorney General
>
>                          *Attorneys for Defendants*

**IT IS SO ORDERED:**

**IT IS FURTHER ORDERED** that no further extensions will be granted.

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:     May 6, 2020**

5

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada and that on this 5th day of May, 2020, I caused a copy of the foregoing, **UNOPPOSED MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE (Third Request)**[1], to be served, by U.S. District Court CM/ECF Electronic Filing on the following:

Douglas E. Shields, #1049699
C/O LCC Law Librarian
Lovelock Correctional Center
1200 Prison Road
Lovelock, NV 89419
lcclawlibrary@doc.nv.gov

/s/ Caitie Collins
An employee of the
Office of the Attorney General