| | |
|---|---|
| 1 | |
| 2 | |
| 3 | UNITED STATES DISTRICT COURT |
| 4 | DISTRICT OF NEVADA |
| 5 | * * * |

DOUGLAS E. SHIELDS,

      Plaintiff,

 v.

RENEE BAKER,

      Defendant.

Case No. 3:18-cv-00031-MMD-WGC

ORDER

**I. SUMMARY**

*Pro se* Plaintiff Douglas E. Shields, who is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), sued Defendants under 42 U.S.C. § 1983 for allegedly blocking his access to the chapel at Lovelock Correctional Center ("LCC") because he identifies as a member of the LGBTQ community, retaliating against him for filing grievances regarding his treatment when he tried to enter the chapel, and denying him due process in finding him guilty of certain disciplinary charges and transferring him to Ely State Prison ("ESP"). (ECF No. 1-2.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF No. 110), recommending the Court deny Plaintiff's motion for a preliminary injunction against transferring Plaintiff out of LCC (ECF No. 105 ("Injunction Motion")). Plaintiff filed an objection to the R&R (ECF No. 111 ("Objection")), and Defendants filed a response to Plaintiff's Objection (ECF No. 113).[1] Primarily because the Court agrees with Judge Cobb's analysis in the R&R that the preliminary injunctive relief Plaintiff seeks lacks a

---

[1] Plaintiff also filed a reply (ECF No. 115) but leave of Court is required before filing a reply in support of an objection to a report and recommendation. *See* LR IB 3-2(a) ("Replies will be allowed only with leave of court."). Plaintiff did not first obtain the Court's leave. The Court will accordingly disregard Plaintiff's reply and direct the Clerk of Court to strike it from the docket.

1 sufficient nexus to Plaintiff's claims that survived summary judgment in this case, but
2 also because the Court otherwise agrees with Judge Cobb's analysis in the R&R, and as
3 further explained below, the Court will overrule the Objection, accept and adopt the R&R
4 in full, and deny the Injunction Motion.

**II.    BACKGROUND**

The Court incorporates by reference Judge Cobb's recitation of Plaintiff's allegations and arguments in his Injunction Motion provided in the R&R, which the Court adopts. (ECF No. 110 at 1-2, 5-7.)

**III.   LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 111.)

As to Plaintiff's Injunction Motion, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). But the Court may issue a preliminary injunction if Plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See id.* at 20 (citation omitted).

**IV.    DISCUSSION**

Plaintiff is currently proceeding in this case on a First Amendment retaliation claim based on his allegation that he was transferred from LCC to ESP in retaliation for filing grievances regarding LCC correctional officers' practice of excluding inmates, including Plaintiff, who identify as LGBTQ from LCC's chapel, along with "First Amendment Free Exercise, RLUIPA, and Fourteenth Amendment equal protection claims" regarding those same claims of discriminatory exclusion from the chapel from approximately 2013 to

2015. (ECF No. 99 at 8, 12, 13.) In his Injunction Motion, Plaintiff seeks an injunction against future transfer out of LCC assuming LCC decides to close its currently existing protective segregation units, where Plaintiff is housed. (ECF No. 105 at 1-2.) Plaintiff alleges in his Injunction Motion that LCC Warden Tim Garrett, not a Defendant to this case, announced the potential closure of LCC's protective segregation units—which could, in turn, lead to Plaintiff being transferred from LCC—in February 2021. (*Id.*)

The Court agrees with Judge Cobb that the relief Plaintiff requests in the Injunction Motion (ECF No. 110 at 8-9) lacks a sufficient nexus to Plaintiff's claims proceeding in this case. Accordingly, the Court may not grant Plaintiff the injunction he seeks. *See Entsminger v. Aranas*, Case No. 3:16-cv-00555-MMD-WGC, 2020 WL 420827, at *1 (D. Nev. Jan. 27, 2020) (accepting and adopting a report and recommendation prepared by Judge Cobb recommending that an incarcerated *pro se* litigant's motion for an emergency temporary restraining order to maintain the litigant's current housing assignment be denied because the litigant's requested injunctive relief lacked a sufficient nexus to the litigant's claims in the case over an objection) (first citing *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015), then citing *Friedman v. Woods*, 787 F. App'x 966 (9th Cir. 2019)). Moreover, the Court also agrees with—and expressly adopts—the remainder of Judge Cobb's analysis using the *Winters* factors, concluding that Plaintiff has not demonstrated he is entitled to injunctive relief here. (ECF No. 110 at 9-10.) The Court will deny Plaintiff's Injunction Motion.

In his Objection, Plaintiff primarily explains how he and his mother will be harmed if he is transferred from LCC again in the future. (ECF No. 111 at 4-9.) While the Court sympathizes with Plaintiff's predicament, this argument does not establish the required nexus or otherwise undermine Judge Cobb's analysis. And contrary to Plaintiff's argument more targeted at nexus in his Objection (*Id.* at 4), Plaintiff's assumption that the officials at LCC who may transfer him in the future are somehow conspiring with the

1 | named Defendants in this case does not establish a sufficient nexus between Plaintiff's claims in this case and the relief he seeks in his Injunction Motion.

In sum, Plaintiff's Objection is overruled, and the Court will accept and adopt the R&R in full.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the Report and Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 110) is accepted and adopted in full.

It is further ordered that Plaintiff's objection (ECF No. 111) is overruled.

It is further ordered that Plaintiff's motion for a preliminary injunction against transferring him out of his current institution (ECF No. 105) is denied.

The Clerk of Court is directed to strike Plaintiff's reply (ECF No. 115) filed without first obtaining the Court's leave.

DATED THIS 6th Day of May 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE