UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOUGLAS E. SHIELDS, | Case No. 3:18-cv-00031-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| RENEE BAKER, | |
| Defendant. | |

*Pro se* Plaintiff Douglas E. Shields, who is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), sued Defendants under 42 U.S.C. § 1983 for allegedly blocking his access to the chapel at Lovelock Correctional Center ("LCC") because he identifies as a member of the LGBTQ community, retaliating against him for filing grievances regarding his treatment when he tried to enter the chapel, and denying him due process in finding him guilty of certain disciplinary charges and transferring him to Ely State Prison ("ESP"). (ECF No. 1-2.) Shields proceeded to trial on some of his claims permitted to proceed past screening and the jury ultimately returned a verdict adverse to him. (ECF Nos. 180 (minutes of announcement of jury verdict), 181 (jury verdict), 184 (judgment).) Before the Court is Shields' motion to alter or amend judgment under Fed. R. Civ. P. 59(e) because the judgment is manifestly unjust. (ECF No. 189 at 1-2 ("Motion").)[1] Because the Court finds no manifest injustice led to the jury's verdict, and as further explained below, the Court will deny the Motion.

---

[1] Defendants filed a response (ECF No. 199), and Shields filed a reply (ECF No. 201). Shields also filed a duplicative copy of his Motion. (ECF No. 195.) Out of an abundance of caution, Defendants filed a duplicative response to the duplicative copy of the Motion. (ECF No. 200; *see also id.* at 1 n.1 ("Pursuant to LR IC 2-2, NDOC

"Since specific grounds for a motion to amend or alter are not listed in [Rule 59(e)], the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999). But, as the Ninth Circuit has recognized, "a Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted). Absent highly unusual circumstances, reconsideration under Rule 59(e) is available only when: (1) the Court committed manifest errors of law or fact; (2) the Court is presented with newly discovered or previously unavailable evidence; (3) the decision was manifestly unjust; or (4) there is an intervening change in the controlling law. *See McDowell*, 197 F.3d at 1255 n. 1 (citation omitted).

Shields argues that the judgment is manifestly unjust based on four enumerated arguments and one unenumerated argument. (ECF No. 189.) While the Court finds none of them persuasive, it briefly addresses all five of Shields' arguments below.

Shields first argues that the Court erred in granting summary judgment to Defendants before trial on Shields' Fourteenth Amendment due process claim that Plaintiff spent a year in administrative segregation without notice or a hearing. (*Id.* at 2-

---

Employees file this Motion twice, as it is intended to respond to both of Plaintiff's Motions ECF Nos. 189 and 195, which appears to be the same document filed twice.").) However, because ECF Nos. 189 and 195 are identical, the Court only explicitly refers to and addresses ECF No. 189 herein. Said otherwise, because the Court will deny ECF No. 189, it denies ECF No. 195 for the same reasons. In addition, and separately, Shields filed an unopposed motion for missing documents, specifically every document filed since ECF No. 173. (ECF No. 198.) Shields subsequently filed another motion again requesting a copy of every document filed in this case since ECF No. 173. (ECF No. 202.) Shields attached a copy of the docket sheet including all docket entries up to ECF No. 201 to this second motion. (ECF No. 202-1.) The Court denies both requests for documents (ECF Nos. 198, 202) without prejudice as unreasonable, unjustified, and without legal support. First, Shields does not offer any legal basis for his entitlement to copies of these documents. Second, Shields apparently has access to an updated docket for this case (ECF No. 202-1) but does not specify which of the documents on the docket he needs and why. If Shields needs specific documents for some valid reason, he may file a new motion explaining exactly what he needs and why. Any such motion must also explain why is not able to get the document or documents from any other source and provide legal support for his entitlement to copies of the specific documents he wants.

3.) The Court already addressed and rejected this argument in its order denying Shields' motion for reconsideration of the Court's summary judgment order (ECF No. 107), and the Court accordingly rejects this argument for the same reasons it already did (*see id.*).

Shields next argues that one theory of his Fourteenth Amendment Equal Protection claim was omitted from the verdict form. (ECF No. 189 at 3.) Defendants respond that he waived this objection to the verdict form because he failed to raise it when the Court went over the verdict form with the parties. (ECF No. 199 at 4.) The Court agrees with Defendants. The Court went over the jury instructions and verdict form with the parties, and Shields approved of the verdict form as given to the jury. (ECF No. 177.) He thus waived his ability to raise this objection now, after the jury returned a verdict adverse to him. *See, e.g., Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1196 (9th Cir. 2006) ("Failure to object to an instruction waives the right of review.") (citation omitted). Moreover, Shields mentions a theory of an equal protection violation—disparate punishment for similar offenses (ECF Nos. 189 at 3, 201 at 3)—that was not permitted past screening (ECF No. 7 at 8 ("Based on Plaintiff's allegations, Defendants imposed disparate treatment between LGBT members and similarly situated non-LGBT members by allowing non-LGBT members access to chapel services, however, LGBT members were singled out and turned away from chapel services.")). The theory permitted to proceed past screening (*see id.*) matched the theory included on the verdict form (ECF No. 181 at 2).

Shields then argues that he was given no access to the law library in the months leading up to trial. (ECF No. 189 at 3.) Defendants respond in pertinent part that Shields implicitly admitted in his improper[2] *ex parte* letters sent to the Court in the months leading up to trial that he had adequate access to the law library. (ECF No. 199 at 4-5.) The Court again agrees with Defendants. Shields refers to two letters in his Motion (ECF

---

[2]Shields sent letters instead of filing motions. *See* LR IA 7-1(b) (stating that requests such as those contained in Shields' letters must be filed as a motion and the Court may strike letters and other correspondence).

3

No. 189 at 3 (referring to ECF Nos. 149, 153)), but in those letters, Shields does not complain about access to the law library—he complains that the law library was not filing a motion he wanted filed by March 11, 2022 (*see id.*). The docket reflects that Shields filed a motion on March 11, 2022 (ECF No. 151), along with another motion February 28, 2022 (ECF No. 148). The Court denied both of those motions at a hearing later in March 2022. (ECF No. 154.) But regardless, it appears Shields was able to file motions despite his claims in the letters he refers to, and those letters do not mention any issues with law library access—contrary to Shields' contention in his Motion. And the Court agrees with Defendants' other responsive arguments as well. (ECF No. 199 at 4-5.) The Court accordingly rejects Shields' argument he had no access to the law library as he prepared for trial.

Fourth, Shields argues that NDOC did not transport him to the Northern Nevada Correctional Center ("NNCC") until the business day before trial in purported violation of the Court's order regarding transport and COVID-19 testing (ECF No. 156). (ECF No. 189 at 4.) But the order Shields refers to (ECF No. 156) does not support his argument—the order does not specify when NDOC was required to transport Shields to NNCC, requiring merely that NDOC test Shields for COVID-19 before trial, with his consent, and bring him to and from trial. (*Id.*) Thus, the Court finds this argument unpersuasive as well. Moreover, and as Defendants point out (ECF No. 199 at 5), the Court specifically denied Shields' request for an injunction "asking in gist that the [NDOC] transport him directly from the facility where he is held (HDSP) to NNCC by April 11, 2022, to ensure that he has sufficient time to prepare for trial." (ECF No. 170.) "Plaintiff's requested mandatory injunctive relief is unrelated to any of the claims remaining for trial." (*Id.*)

Shields finally argues that NDOC did not let him have his personal lotion, shampoo, and other hygiene products with him at NNCC shortly before and during trial, let him shower every day, or have access to his legal materials not directly related to this case while he was at NNCC. If he had those things, Shields argues, he would have won the trial. (ECF No. 189 at 4-5.) However, Shields does not persuasively explain how that

is the case. Moreover, Shields raised substantially this same concern before trial, and the Court declined to continue the trial on this basis. (ECF No. 173.) Further, Defendants' counsel represents that he did call NNCC per the Court's order to ensure Shields got a shower before trial (*see id.*; *see also* ECF No. 199 at 6), and Shields does not contest that he was able to shower at NNCC (ECF No. 201 at 4, 6-7), instead arguing he was entitled to more showers. Shields does not offer any legal support for this purported entitlement, and the Court is not aware of any. Indeed, analogous authority suggests that Shields is not entitled to more than the two showers he admittedly received while at NNCC around the time of the trial. *See, e.g.*, *Norbert v. City & Cnty. of San Francisco*, 10 F.4th 918, 935 (9th Cir. 2021) (finding that "plaintiffs have not shown a likelihood of success on their 'direct sunlight' claim" after favorably citing an opinion of the Seventh Circuit that the Ninth Circuit summarized as "reversing injunction requiring three showers per week in the absence of evidence that one shower per week 'endanger[ed] the[ ] physical or mental health' of inmates"). In any event, the Court cannot say Shields would have won his trial if he had showered more often or had access to lotion, or legal materials unrelated to this case. And this argument does not persuade the Court that Shields is entitled to the "extraordinary remedy" he seeks—vacating the jury's verdict and holding a new trial—which is "to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood*, 759 F.3d at 1121 (citation omitted).

In sum, the Court will deny Shields' Motion because it finds none of the arguments contained therein persuasive.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Shields' motion to alter or amend judgment (ECF No. 189) is denied.

It is further ordered that Shields' motion to alter or amend judgment (ECF No. 195) is denied.

It is further ordered that Shields' unopposed motion for missing documents (ECF No. 198) is denied as specified herein.

It is further ordered that Shields' second motion for missing documents (ECF No. 202) is denied as specified herein.

This case will remain closed.[3]

DATED THIS 9th Day of June 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Shields asks in his most recent motion for copies of documents, "[i]s Plaintiff's time to file a Notice of Appeal still tolled, or is the clock ticking?" (ECF No. 202 at 2.) As this order denies his Rule 59(e) motion, the clock starts ticking as of the date of entry of this order. (*See* ECF No. 193.)